IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Ray McDonald, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:19-3212-HMH-KFM |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Anderson County Sheriff's Office and ) | |
| Scott Hill, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Willie Ray McDonald ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983, alleging claims for unlawful arrest, false imprisonment, and supervisory liability, as well as state law claims for malicious prosecution, gross negligence, and intentional infliction of emotional distress.  (Compl., generally, ECF No. 1.)  Defendants Anderson County Sheriff's Office ("ACSO") and Officer Scott Hill ("Hill") (collectively "Defendants"), filed a motion for summary judgment.  (Mot. Summ. J., ECF No. 25.)  In his Report and Recommendation, Magistrate Judge McDonald recommends granting Defendants'

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

motion for summary judgment. (R&R, generally, ECF No. 32.) For the reasons stated below, the court adopts the magistrate judge's Report and Recommendation.

## I. FACTUAL AND PROCEDURAL HISTORY

This matter arises out of the burglary of a convenience store in Anderson, South Carolina on January 28, 2016. (Resp. 1, ECF No. 26.) Deputy Alex Williams ("Williams") reviewed security camera footage of the burglary. (Id. Ex. 2 (Incident Report), ECF No. 26-2.) In a supplemental incident report Williams noted:

> The suspect was wearing a black ski mask with a white skull mask over his face. The suspect was dressed in full woodland camouflage BDU clothing. The suspect's neck is exposed for a short period and the suspect appeared to be a white male. The suspect was seen entering the store from [a] smashed in window pane and jumping over the front counter. The suspect then grabbed multiple packs of cigarettes and cigarette lighters and placed them into a plastic bag. The suspect then exited the store from the window pane and left the incident location . . . . [The store manager] located a purple colored packet of White Owl Cigarillos that appeared to have dried blood on the wrapper. The wrapper was placed into evidence and a laboratory analysis form was submitted.

(Id. Ex. 2 (Incident Report 1-2), ECF No. 26-2.) In a supplementary report, Corporal Chris Pridemore ("Pridemore") noted that he "collect[ed] two gel lifts of shoe impressions from off the floor near the entry point" and that "[t]he gel lifts were entered into evidence." (Id. Ex. 3 (Supplementary Report 1), ECF No. 26-3.)

The Combined DNA Index System ("CODIS") matched the blood found on the White Owl Cigarillos to Plaintiff's DNA, an African American male. (Reply Ex. 4 (CODIS Match Memo), ECF No. 28-4.) Hill then obtained a warrant for Plaintiff based on the CODIS hit. (Mot. Summ. J. Ex. 2 (Hill Depo. 5), ECF No. 25-2.) Plaintiff was arrested for second degree

burglary on October 31, 2016.  (Resp. 1, ECF No. 26.)  The case was disposed of on May 15, 2018.  (Id. at 2, ECF No. 26.)  When asked about the gel lifts and Williams' observation that the "suspect appeared to be a white male,"  Hill testified that he "probably would have mentioned what was in the original report" to the judge issuing the warrant because he normally does, but that he could not "remember verbatim."  (Id. Ex. 2 (Hill Depo. 4), ECF No. 25-2.)  Hill further testified that he watched the security camera footage, could not determine the race of the suspect, and "did not understand how [Williams] came to the conclusion" that the suspect was white.  (Reply Ex. 1 (Hill Depo 5-6), ECF No. 28-1.)

On October 7, 2019, Plaintiff filed the instant case in the Court of Common Pleas of Anderson County, South Carolina.  (Compl., ECF No. 1-1.)  Defendants removed the case to this court based on federal question jurisdiction on November 13, 2019.  (Not. Removal, ECF No. 1.)  Defendants filed a motion for summary judgment on September 15, 2020.  (Mot. Summ. J., ECF No. 25.)  Plaintiff filed a response in opposition on September 29, 2020.  (Resp., ECF No. 26.)  Defendants filed a reply on October 6, 2020.  (Reply, ECF No. 28.)  Defendants filed an affidavit in support of their motion for summary judgment on October 23, 2020.  (Def. Aff., ECF No. 30.)  Plaintiff filed an affidavit in support of his response in opposition to summary judgment on October 24, 2020.  (Pl. Aff., ECF No. 31.)  On November 5, 2020, the magistrate judge issued the Report and Recommendation recommending that the court grant Defendants' motion for summary judgment.  (R&R, generally, ECF No. 32.)  On November 19, 2020, Plaintiff filed objections to the Report and Recommendation.  (Obj., ECF No. 33.) On November 24, 2020,

Defendants filed a reply to Plaintiff's objections. (Reply Obj., ECF No. 34.) This matter is ripe for review.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Objections

Plaintiff filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Plaintiff argues that the magistrate judge: (1) wrongfully concluded that there was probable cause for Plaintiff's arrest, (2) arbitrarily ignored Plaintiff's evidence, (3) ignored Defendant ACSO's deliberate indifference to the lack of proper and thorough investigation in not finding the ACSO responsible for supervisory liability, (4) mistakenly concluded that Defendants are entitled to qualified immunity, and (5) erred in denying Plaintiff's state law claims. (Obj. 4, ECF No. 33.)

### (i) Probable Cause

Plaintiff argues the magistrate judge wrongly concluded that probable caused existed for Plaintiff's arrest. (Obj. 4, ECF No. 33.) Section 1983 claims premised on false arrest or false

imprisonment are analyzed as Fourth Amendment unreasonable search and seizure claims. See Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001). "Fourth Amendment seizures are 'reasonable' only if based on probable cause." Dunaway v. New York, 442 U.S. 200, 213 (1979). Thus, to succeed on either claim, Plaintiff must show that the seizure was effected without probable cause. Id.; see also Brown v. Gilmore, 278 F.3d 362, 367-68 (4th Cir. 2002). Probable cause means that the "facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed . . . an offense." United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). Evidence sufficient to convict a suspect is not required. Wong Sun v. United States, 371 U.S. 471, 479 (1963).

Much of Plaintiff's arguments relating to probable cause are unrelated to the dispositive portions of the magistrate judge's Report and Recommendation. For example, Plaintiff argues that the magistrate judge "arbitrarily ignored" evidence, including Plaintiff's "reasonable explanation" as to why his blood was on the White Owl Cigarillos. (Obj. 11-12, ECF No. 33.) Plaintiff also argues that "a reasonable jury . . . may conclude that Plaintiff's blood is not sufficient to establish he has committed the burglary." (Id. at 11-12, ECF No. 33.) Plaintiff has conflated the standard for probable cause with the degree of proof necessary for a conviction. As the magistrate judge correctly stated, "the issue is not whether the plaintiff could be found guilty of the crime at trial but rather is whether there was probable cause for the plaintiff's arrest." (R&R 8, ECF No. 32.) See, e.g., Michigan, 443 U.S. at 36 ("The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the

suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest. We have made clear that the kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest.").

Probable cause is determined by a "totality-of-the-circumstances" approach. Illinois v. Gates, 462 U.S. 213, 230 (1983). "The probable-cause inquiry turns on two factors: 'the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct.'" Smith v. Munday, 848 F.3d 248, 253 (4th Cir. 2017) (quoting Graham v. Gagnon, 831 F.3d 176, 184 (4th Cir. 2016)). "A court should only consider the information the officers had at the time they sought the warrant." Id. Due to the existence of probable cause, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). However, an officer's material false statements or material omissions in obtaining the warrant can negate a finding of probable cause. See Miller v. Prince George's Cty., MD, 475 F.3d 621, 627 (4th Cir. 2007).

Plaintiff argues that "Hill intentionally, willingly and knowingly and/or recklessly withheld information and/or provided incomplete information which mislead [sic] the Court into granting a warrant for Plaintiff's arrest." (Obj. 5-6, ECF No. 33.) There is no evidence that Hill gave an inaccurate account of the investigation or attempted to mislead the judge issuing the warrant. When Hill sought the arrest warrant, he possessed DNA evidence tying Plaintiff to the crime scene. Thus, under the totality of the circumstances, probable cause existed to arrest Plaintiff.

Based on the foregoing, Plaintiff's arguments that the magistrate judge ignored evidence and wrongfully concluded the arrest was made without probable cause are without merit.

**(ii) Supervisory Liability**

Plaintiff also argues that the magistrate judge erred in concluding that summary judgment should be granted in favor of ACSO on Plaintiff's supervisory liability claim. "When a § 1983 claim is asserted against a municipality, two issues must be determined: '(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city [or county] is responsible for that violation.'" Covenant Media of S.C., L.L.C. v. City of N. Charleston, 493 F.3d 421, 436 (4th Cir. 2007) (quoting Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). If there are "no underlying constitutional violations by any individual, there can be no municipal liability." Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999). Further, a municipality's liability "arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom." Walker v. Prince George's Cty., MD, 575 F.3d 426, 431 (4th Cir. 2009) (internal quotation marks and citation omitted).

Because there was probable cause to arrest Plaintiff, there is no underlying constitutional violation in the instant case and thus no municipal liability. Additionally, Plaintiff has failed to allege any policy or custom. As such, Plaintiff's objection that the magistrate judge erred in concluding that there can be no supervisory liability is without merit.

### (iii) Qualified Immunity

Plaintiff also argues that the magistrate judge mistakenly concluded that Defendants are entitled to qualified immunity. (Obj. 14-5, ECF No. 33.) "[Q]ualified immunity is recognized to protect government officials performing discretionary functions from civil damage suits 'insofar as [the officials'] conduct does not violate clearly established rights of which a reasonable person would have known.'" Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Because there was probable cause to arrest Plaintiff and Hill did not violate Plaintiff's constitutional rights, Hill is entitled to qualified immunity. Thus, Plaintiff's objection is without merit.

### (iv) State Law Claims

Finally, Plaintiff argues that the magistrate judge erred in denying Plaintiff's state law claims for malicious prosecution, gross negligence, and intentional infliction of emotional distress. (Obj, 16-19, ECF No. 33.) In order to maintain an action for malicious prosecution, Plaintiff must prove the following: "(1) the institution or continuation of original judicial proceedings; (2) by or at the [direction] of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." Huffman v. Sunshine Recycling, LLC, 826 S.E.2d 609, 614 (S.C. 2019) (internal quotation marks and citations omitted). "An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause." Law v. S.C. Dep't of Corr., 629 S.E.2d

642, 648 (S.C. 2006).  Because there was probable cause to arrest Plaintiff, his claim for malicious prosecution fails and his objection is without merit.

The magistrate judge concluded that Plaintiff's gross negligence claim is time barred. (R&R 11, ECF No. 32.)  Plaintiff's objections do not address or dispute this conclusion and are therefore unrelated to the dispositive portions of the Report and Recommendation as to the gross negligence claim.  Thus, Plaintiff's objection is without merit.

The magistrate judge also concluded that summary judgment should be granted with respect to Plaintiff's claims for intentional infliction of emotional distress.  (R&R 12, ECF No. 32.)  The court finds Plaintiff's objections merely restate his claims and are without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 25, is granted.

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
November 30, 2020